REDMANN, Chief Judge.
We affirm the dismissal on the merits of a real estate broker’s claim for a commission on a transfer of property. A written listing agreement gave plaintiff the “exclusive right to sell” and a commission on “any agreement to sell or exchange.” We find no error in the trial judge’s conclusion that parol evidence shows that that wording was not intended to apply to the transfer that occurred.
The questions are whether parol evidence was admissible and, if so, whether that evidence defeats the applicability of the quoted language under our circumstances. We answer yes to both questions.
We do not decide but assume the enforceability of the owners’ promise in the listing contract, notwithstanding the contract’s failure to contain any reciprocal promise by the broker. We also do not decide but assume, as plaintiff and amicus urge, that the contract’s provision for commission on any sale (whether or not produced by the broker) is not eliminated, but merely limited, by contemporaneous agreements that commissions will not be due under agreed circumstances. We further do not decide but assume that a sale by one co-owner to another is a sale of the property within the meaning of the contract. We nevertheless affirm.
We reject plaintiff’s contention that parol should not have been admitted. The standard recital of inadmissibility of parol to vary the terms of a written contract excepts cases of fraud or mutual mistake. Two of plaintiff’s agents testified that in fact the parties did agree that no commission would be due if a sale were made to someone who had previously “viewed” the property (although they differ with defendants on some aspects of this agreement). One of them testified that they had also agreed with defendants that the listing agreement would not apply, or would “be no problem,” in the event of “foreclosure or imminence of foreclosure” of a mortgage on the property. That testimony shows mutual mistake in the written agreement’s recital that commission is due on any sale.
The parties thus contemporaneously agreed to at least two cases in which no commission would be due, namely sale to persons who had previously viewed the *116 property and “foreclosure or imminent foreclosure” of mortgage. The trial judge may also have concluded, in the reasonable exercise of his credibility evaluation function, that a third category was “specifically” agreed, namely that of sale to a co-owner, despite the denial by one agent whose credibility the trial judge expressly questioned.
The record supports the factual conclusion that “imminence of foreclosure” resulted in the transfer that occurred, in which the two listing co-owners sold their interest to the non-listing, third co-owner.
The three co-owners’ testimony is that, after a period of substantial losses while loan payments were $6,000 and income only $3,000 a month, they knew they had to sell the property. They let interested brokers show it. Two of the co-owners either agreed to, or were given an oral option to, take over the third’s interest, when disagreement developed (one of the two and the third were not even speaking to each other). Thereafter these two dealt with two of plaintiff’s agents, who were aware that defendants needed to sell the property as quickly as possible. An attorney was demanding and continued to demand payment in full of a second mortgage, threatening foreclosure. All three co-owners faced the possibility not only of loss of their “equity” in the property but of further personal liability as well, if foreclosure occurred but did not satisfy all debt on the property. Three months passed after the property was listed with plaintiff, during which plaintiff never produced a single offer. Under all these circumstances, and especially in view of plaintiff’s apparent inability to produce a sale to save the co-owners from foreclosure, it is fair to say that foreclosure was “imminent.” The two listing co-owners were unable to avoid foreclosure by selling the property (having not a single offer) or by borrowing money. They had no escape from imminent foreclosure until the third co-owner was able to borrow sufficient cash from his father to pay the debt on the property. The two co-owners’ sale of their interest to the third co-owner was the result of the “imminence of foreclosure.”
We cannot say that the trial judge erred in his conclusion that this sale was not covered by the written contract’s provision for a commission on “any” sale, for that provision did not correctly state the agreement of the parties. The evidence supports the conclusion that this sale was among those that the parties agreed would not result in a commission.
Affirmed.